IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SM, a minor,<br>by Rebecca Mack, guardian, | : Civ. No. 1:26-CV-2101 |
| Plaintiff, | : |
| v. | : (Judge Kane) |
| | : (Chief Magistrate Judge Bloom) |
| RIPLEIGHS, LLC, et al., | : |
| Defendants. | : |

## ORDER

The background of this Order is as follows:

This is a civil action filed by Rebecca Mack, the guardian of minor S.M., against Defendants Laura Maring and Ripleighs LLC ("Ripleighs").[1] The plaintiff's claim arise out of S.M.'s termination from her employment with Ripleighs after she allegedly informed Maring, the owner of Ripleighs, that she was sexually harassed by another employee.[2] Maring is representing herself pro se, and filed an answer to the complaint on October 1, 2026.[3] The answer, however, appears to answer

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 21.

the plaintiff's complaint on behalf of both Maring and Ripleighs.[4] The plaintiff then moved for an entry of default against Ripleighs for its failure to respond to the complaint.[5]

We are constrained to note for Defendant Maring that pro se litigants are not permitted to represent parties other than themselves.[6] This includes representing a company of which she is the owner.[7] Accordingly, Maring may not file an answer on behalf of Ripleighs while she is proceeding pro se. We also note for Maring that her miscellaneous motions—one requesting to file a summary judgment motion[8] and one "refuting allegations of covered employer status"[9] are procedurally

---

[4] *Id.*

[5] Doc. 22.

[6] *Parker v. Farley*, 625 F. App'x 77, 80 n.2 (3d Cir. 2015) (citing *Osei–Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); 28 U.S.C. § 1654).

[7] *See e.g.*, *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010) ("[W]hile *pro se* litigants can represent themselves, they cannot represent corporations, companies or other artificial entities."); *Travis v. Hall Tires and Collection, LLC*, 2023 WL 6055499, at *1 (N.D. Miss. Sept. 15, 2023) ("[A] limited liability company may not represent itself or have an owner or officer represent it in federal court unless that person is a licensed attorney.");

[8] Doc. 18.

[9] Doc. 25.

improper. Accordingly, in an effort to move this case forward in a fair and efficient manner, IT IS HEREBY ORDERED AS FOLLOWS:

1. The plaintiff's request for an entry of default against Ripleighs is DENIED without prejudice at this time;
2. Maring's procedurally improper motions[10] are DENIED;
3. Defendant Ripleighs is ORDERED to file an answer or otherwise respond to the complaint **on or before October 30, 2026.**

Upon receipt of all defendants' answers to the complaint or other responsive pleadings, the court will schedule a case management call with the parties to establish case management deadlines for this matter.

So Ordered this 16th day of October 2026.

*S/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

---

[10] Docs. 18, 24.